The opinion of the Court was delivered by
Johnson, J.
The admission of book entries of any description, as evidence, is not authorized by any express Act of the Legislature of this State, as seems to be supposed in the case of Slade and Teasdale, 2 Bay, 112 ; but as far back as it is possible to trace the subject, those of merchants and mechanics of every description, which have been fairly and regularly kept as daily memoranda of their transactions, have been admitted as evidence of goods or other articles delivered. It originated probably, in the necessity of resorting to this mode of proof, as early as the custom of vending goods and wares on a credit. It appears from the preamble to the statute of 1th James, 1 cap. 12, made of force in this State in 1112, (Public Laws, 14,) the shop-books of men of trade and handicraftsmen were then admitted as evidence, and the act of Sept. 1121, Pub. Laws, 116, expressly recites, that the books of accounts of merchants, shop-keepers and others, were received as evidence, under the then existing laws. In the case of Slade v. Teasdale* above referred to, the books of a carpenter were admitted. And in the case of Lamb v. Hart, 2 Bay, 362, it is said, that the regular books of a mechanic, of any description, are admissible. Now the same reasons and necessity apply to a printer who is in the daily habit of furnishing his newspaper and publishing advertisements without present remuneration.
I think, therefore, the plaintiff’s books were improperly rejected, and that a new trial ought to be granted.
This description of evidence, however, is perhaps the weakest of all others, particularly, when the entries are made by the party himself, and ought never to be allowed when there is any other in the power of the party to produce.
All the judges concurred.